UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

DORA A. JENKINS and FANDORA JENKINS,

        Plaintiffs,

  -against-

ALVIVARO EVANS and NEW YORK CITY HOUSING AUTHORITY,

        Defendants.

-------------------------------------------------------------------- X

14-CV-7011 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

MEMORANDUM & ORDER

ROSS, United States District Judge:

Plaintiffs, Dora A. Jenkins and Fandora Jenkins, bring the instant pro se complaint pursuant to 42 U.S.C. § 1983. Plaintiffs' requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 are granted. For the reasons stated below, the complaint is dismissed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A pro se complaint is held to less stringent standards than are pleadings drafted by attorneys and a court is required to read a pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of a proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch

1

Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## DISCUSSION

Dora Jenkins and her grandmother, Fandora Jenkins, residents of Brooklyn, New York, bring this action in connection with a July 23, 2014 "deposition" they had with an Inspector General of the New York City Housing Authority ("NYCHA"), Alvivaro Evans. Compl. at 1-2. Plaintiffs allege that Evans called Fandora Jenkins on July 21, 2014, and told her that she "needed to come to 250 Broadway on July 23rd to speak to [Evans] in reference to her 'apartment.'" Id. Two days later, plaintiffs went to Evans's office, where Evans inquired as to the whereabouts of a woman named Antoinette Jenkins, who had provided plaintiffs' address in the emergency contact space on an employment-related form. Id. at 2. Plaintiffs argue that Evans never disclosed the purpose of the meeting during her initial phone call, nor informed them that she was "conducting an Investigation of Ms. Antoinette Jenkins and where Ms. Antoinette Jenkins currently resides." Id. at 2. Plaintiffs further allege that, at the meeting, Evans refused to provide them with any information until they were sworn in under oath and used "Psychological Intimidation" to get them to "falsify a statement" that Antoinette Jenkins lived at their residence. Id. Plaintiffs seek money damages and an order that Evans be terminated from her position. Id. at 3.

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, which authorizes claims for the violation of constitutional rights. In order to maintain a § 1983 action, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right, but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Thus, a complaint must contain "specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient" to state a claim under § 1983. Morpurgo v. Inc. Village of Sag Harbor, 697 F.Supp.2d 309, 341 (E.D.N.Y. 2010) (internal citations omitted).

Here, plaintiffs allege that their Fifth Amendment rights were violated because Evans intentionally failed to abide by Rule 30 of the Federal Rules of Civil Procedure, which sets forth the notice requirements for depositions during the litigation of civil matters. Compl. at 3. The Federal Rules of Civil Procedure do not apply to any of the circumstances that plaintiffs describe. Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . ."). Thus, even if liberally construed, plaintiffs' allegations fail to demonstrate any violation of their constitutional rights.[1]

---

[1] Moreover, to the extent plaintiffs seek to bring a claim against NYCHA, their claim must also be dismissed on the additional ground that they fail "to show that the challenged acts were performed pursuant to a municipal policy or custom." Durant v. N.Y.C. Housing Auth., 12 CV 937, 2013 WL 1232501, at *10 (E.D.N.Y. Mar. 4, 2013) (internal quotation marks omitted).

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: December 5, 2014
Brooklyn, New York

**SERVICE LIST**

Plaintiffs, Pro Se:

Dora A. Jenkins
370 Lexington Avenue
Apt. 2B
Brooklyn, NY 11216

Fandora Jenkins
370 Lexington Avenue
Apt. 2B
Brooklyn, NY 11216